AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States District Court
Southern District of Texas
FILED

JAN 3 0 2017

David J. Bradley, Clerk of Court

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) ) | Case No. B-17-203-mj |
| Gold Samsung Cellular Phone Model# SM-J320P DEC089458893507865345 | ) ) ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A"

located in the ____Southern____ District of ____Texas____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachments "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Possession of Narcotics with intent to distribute, to wit: Marijuana |
| 21 U.S.C. § 846 | Did Attempt and Conspire to possess and distribute narcotics, to wit: Marijuana |

The application is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Thomas Kimbriel, Border Patrol Agent-Intelligence
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/30/2017

_____
*Judge's signature*

City and state: Brownsville, Texas   Ignacio Torteya, III U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| In the Matter of the Search of a  **Gold Samsung Cellphone**  **Model# SM-J320P**  **DEC089458893507865345**  **Currently Located at the**  **United States Border Patrol**  **Harlingen Border Patrol Station**  **3902 S. Expressway 77**  **Harlingen, TX 78552** | § § § § § § § § § § § Criminal No. B-17-203-mj |

United States District Court
Southern District of Texas
FILED

JAN 3 0 2017

David J. Bradley, Clerk of Court

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Thomas Kimbriel, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Fed. R. Crim. P. 41 for a warrant to search a Gold Samsung Smartphone (hereinafter "Device"), which is currently stored, in law-enforcement possession, at the United States Border Patrol (USBP) Harlingen Border Patrol Station, 3902 S. Expressway 77, Harlingen, Texas 78552, for certain things particularly described in Attachment A.

2. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of agents.

3. I am an Agent with United States Border Patrol assigned to the Rio Grande Valley Sector, Sector Intelligence Unit/ Evidence Collection Team (RGV/SIU/ECT) in Harlingen, Texas. I have served as a Border Patrol Agent since August 29, 1999, and have been assigned to the RGV/SIU/ECT since April of 2015. I am a law enforcement officer of the U.S., within the meaning of 18 U.S.C. § 2510(7), who is empowered to conduct

investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516. I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes.

4. During my career, I have been a part of numerous arrests linked to the harboring and transporting of undocumented aliens, and many arrests for possession of narcotics, both with a warrant and without a warrant. These drug cases spanned the gamut from simple possession to possession with intent to distribute. Through these arrests, along with my training and experience and conversations with other agents and law-enforcement personnel, I have become familiar with method of operations (MOs) used by human/narcotic smugglers to smuggle and safeguard undocumented aliens, narcotics, and to thwart or evade investigations of their trafficking organizations.

One of the tactics used by human/narcotic smugglers is the utilization of wireless telephones. Human/narcotic smugglers are known to utilize wireless telephones to coordinate, communicate and negotiate smuggling activities, request payment of smuggling fees, and contact others involved in illicit activities. In addition, human/narcotic smugglers often utilize their wireless telephone capabilities (to include contacts information, phone logs, text messaging, electronic mail addresses, voicemails, saved documents, images/photographs, video, programs, or applications "apps" contained on cellular phones or SIM cards) to store and/or communicate information consistent with human/narcotic smuggling activities.

Human/narcotic smugglers commonly store phone numbers, direct connect numbers, electronic mail addresses, photographs, text messages, electronic mail messages and other documents or information in their wireless telephone's memory in relation to human/narcotic smuggling activities. Moreover, members of these organizations often store co-conspirators' telephone numbers in the telephone memory and communicate using code names through cellular telephones and their radio transmitters to facilitate transactions and to conceal their identities.

2

5. This affidavit is being submitted for the limited purpose of establishing probable cause to secure a search warrant for the Device. As such, not all facts known to me or other agents concerning this investigation have been included. This affidavit was approved for filing by an Assistant U.S. Attorney.

### PROBABLE CAUSE

6. On January 10, 2017, Border Patrol (BP) Agents assigned to the Harlingen Border Patrol Station were working their assigned duties in an area near La Paloma, TX. The BP Agent operating the remote video surveillance system notified BP Agents, via service radio, that several individuals carrying what appeared to be bundles of marijuana were observed climbing the border fence and running from an area where a sensor activation had occurred. Later, the same subjects were observed entering and loading the bundles into a Black Ford Expedition. Immediately after, the Black Ford Expedition was seen leaving the area at a high rate of speed making left and right turns through several streets until reaching Highway 281, where it began traveling east towards Brownsville, Texas. The vehicle continued east on Highway 281 for approximately four miles until the driver attempted to turn onto Farm to Market Rd 1732. At this time the driver lost control of the vehicle and wrecked hitting a street light pole. Several subjects were seen exiting the vehicle, but after a search two subjects were arrested near the location of the accident. A total of 8 bundles of Marijuana weighing 90.9 kilograms were seized along with the Black Ford Expedition. The subjects, vehicle, and eight bundles were transported to the Harlingen BP Station for processing.

7. On January 12, 2017, the Rio Grande Valley Sector Evidence Collection Team (ECT) processed at the Harlingen BP Station the Black Ford Expedition for forensic evidence. During the processing of the vehicle, a Gold Samsung Cellular phone was collected and entered into evidence. This was the same vehicle that was transporting the 90.9 kilograms of marijuana. None of the subjects who were arrested at the time of the incident claimed ownership of the Device. The black Ford Expedition was kept in Border Patrol custody from the time of the interdiction until the time that it was processed by the evidence collection team.

During the evidence collection Gold Samsung Cellular that was collected from the vehicle was further examined for identifiers. This examination revealed that it is a model # SM-J320P, and has a serial number of # DEC089458893507865345.

Both subjects that were arrested were turned over to the Cameron County District Attorney's Investigators. These men will be prosecuted in state court, for the offense.

8. Based on my experience, the fact that this phone was discovered in a vehicle that was loaded with narcotics, there is a very strong possibility that there is evidence of crimes under federal jurisdiction, contained in the phone. Crimes enumerated in 21 U.S.C. § 841 Possession of Narcotics with intent to distribute, to wit: Marijuana, and 21 U.S.C. § 846 Conspiracy to possess and distribute narcotics, to wit: Marijuana, specifically. It also has been my experience that co-conspirators, profits from criminal activity, modus operandi, and evidence of a continuing criminal enterprise can be identified through evidence exploited from the cellular phones used in the furtherance of these crimes.

### ELECTRONIC DEVICES AND STORAGE

9. As described herein and in Attachment B, this application seeks permission to search and seize things that the Device might contain, in whatever form they are stored. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Even when a user deletes information from a device, it can sometimes be recovered with forensics tools. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

10. Searching for the evidence described in Attachment B may require a range of data-analysis techniques. In some cases, agents and computer analysts may be able to conduct carefully-targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide information, encode communications to avoid using key words,

4

attempt to delete information to evade detection, or take other steps designed to frustrate law enforcement searches for information. These steps may require agents and law enforcement or other analysts with appropriate expertise to conduct more extensive searches, such as scanning storage areas unrelated to things described in Attachment B, or perusing all stored information briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, BP Agents intend to use whatever data-analysis techniques appear necessary to locate and retrieve the evidence described in Attachment B.

## CONCLUSION

11. I submit that this affidavit supports probable cause for a warrant to search the Device and seize the items described in Attachment B.

Respectfully submitted,

_____
Thomas Kimbriel
Border Patrol Agent-Intelligence
United States Border Patrol

Subscribed and sworn to before me
On January 30, 2017:

_____
UNITED STATES MAGISTRATE JUDGE

5

## ATTACHMENT B

1. All records and information, contained in the Gold Samsung Smartphone, that involve violations of 21 U.S.C. § 841 (Possession with intent to distribute narcotics, to wit: Marijuana) and 21 U.S.C §846 (Attempting and Conspiring to Possess with intent to distribute narcotics, to wit: Marijuana)
    a. any information related to narcotic smuggling (including saved contacts, phone logs, text messages, voice mails, videos, photos, or any other saved records); and
    b. evidence of user attribution showing who used or owned the Device at the time the things described in this warrant and attachment were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.
2. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored (including, for example: call logs, contact lists, voicemails, and text messages), including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.